Submitted December 18,.1939; suspension ordered February 6, 1940

## In re MORRIS

(98 P. (2d) 955)

In Banc.

*Clifford G. Holland,* of Portland, for Oregon State Bar.

*B. A. Green* and *W. H. Masters,* both of Portland, for defendant.

BEAN, J. On June 8, 1938, T. M. Morris, the accused, filed an action in the Justice Court for the Ninth District of Benton county, Oregon, on behalf of Paul P. Bates, plaintiff, and against Bert Stapleton and Lou Whalen, defendants. Concurrently therewith Mr. Morris also filed an affidavit for writ of attachment duly signed by Paul P. Bates in person, as plaintiff. Mr. Morris, as notary public, administered the oath to the affidavit and certified to the same as notary public. The undertaking for attachment, also

filed concurrently with the complaint, was duly signed by plaintiff in person as principal and R. C. Bates in person as surety. R. C. Bates in person also signed the affidavit supporting the undertaking and the oath was administered by Mr. Morris, as notary public, who certified to the same. The court signed the writ of attachment on June 9, 1938, and execution thereof resulted in the garnishment of defendant Stapleton's wages in the sum of $32.48, and another later execution resulted in the garnishment of defendant Stapleton's wages in the sum of $18.55. Thereupon, on July 11, 1938, Lester G. Oehler and Karl T. Huston, attorneys for defendants, filed a motion to set aside the writ of attachment for the reason that the undertaking filed with the complaint was insufficient in amount.

The matter was set for hearing, and in due course Mr. Morris and Mr. Huston appeared before L. R. McGinnis, the justice of the peace, purportedly for the purpose of arguing the motion. At that time and place, however, Mr. Morris filed an amended undertaking bearing the purported signatures of Paul P. Bates, the plaintiff, as principal, and R. C. Bates as surety. The affidavit supporting the amended undertaking also bore the purported true signature of R. C. Bates and the true signature of Mr. Morris, notary public, as purportedly taking the affidavit and certifying to the same.

Mr. Morris admits that he personally signed the name of Paul P. Bates as principal, and R. C. Bates as surety, on the amended undertaking; also that he personally signed the name of R. C. Bates on the affidavit. He also admits that he signed his own name as notary public certifying to the oath contained in the

affidavit, although R. C. Bates did not in fact swear to the affidavit before Mr. Morris, as notary public.

The first cause of complaint, referred to as Count 1 in the complaint filed by the Oregon State Bar, charges Mr. Morris with the offense of knowingly presenting and filing the amended undertaking purporting to have been signed and executed by Paul P. Bates, as principal, and R. C. Bates, as surety, in person, whereas, in truth and fact neither of these individuals had signed their names.

The second cause for complaint, referred to as Count 2, charges Mr. Morris with the offense of presenting and filing the said amended undertaking purporting to have been signed by R. C. Bates, as surety; also that the amended undertaking recited that R. C. Bates had subscribed and sworn to the same on July 13, 1938, before Mr. Morris, who had placed his signature and notarial seal thereon, as notary public, as having administered the oath, wherein, in truth and fact, R. C. Bates in person had not signed the amended undertaking and affidavit, nor had R. C. Bates in person acknowledged his signature on the affidavit to Mr. Morris, or made oath to the affidavit; further, that the signature of R. C. Bates appearing on the amended undertaking and affidavit was false and forged, all of which was known to Mr. Morris when he presented and filed the amended undertaking with the court.

The third cause for complaint, referred to as Count 3, set forth that Mr. Morris, having full knowledge of the facts set forth in the first and second causes for complaint, which were made parts of this cause for complaint, again reaffirmed in the presence of and to the court during a hearing thereon, concerning the

filing of the amended undertaking, that the signatures appearing on the amended undertaking were those of Paul P. Bates and R. C. Bates, and had been by those individuals personally affixed thereto, but in truth and fact neither of the signatures appearing thereon was that of Paul P. Bates or R. C. Bates, all of which was fully known to Mr. Morris when he made said false representations in the presence of and to the court and by making such false representations Mr. Morris committed a fraud upon and wilfully and wantonly attempted to and did deceive the court.

The fourth cause for complaint, referred to as Count 4, alleges that Mr. Morris, on July 13, 1938, forged a certain instrument purporting to be an amended undertaking for attachment and purporting to have been personally signed and executed by Paul P. Bates and R. C. Bates, with intent to defraud and injure.

The fifth cause for complaint, referred to as Count 5, sets forth that Mr. Morris, having committed the offenses referred to in Counts 1, 2, 3 and 4, had ceased to possess a good moral character, and his said acts rendered him unworthy of public and private confidence, and that he was guilty of conduct such as would, were he applying for admission to the Bar, cause his application to be denied, and he wilfully failed in his duty to support the laws of the state of Oregon, as he was by those laws enjoined to do.

The answer filed by Mr. Morris denies each and every allegation of the complaint, except the allegation relating to the *Bates v. Stapleton-Whalen* action, which the answer admits was pending. The answer is devoid of affirmative defense. Mr. Morris contended at his trial that Paul P. Bates and R. C. Bates had author-

ized him to affix their signatures to the amended undertaking and he contended further that R. C. Bates had authorized him to affix his signature to the affidavit. Mr. Morris also contended that the authority so given him by Paul P. Bates and R. C. Bates justified and made proper and legal his acts in affixing their signatures to the documents and the affixing of his own notarial seal and signature as notary public, before whom R. C. Bates purportedly had made the affidavit.

The cause was heard and testimony taken before the trial committee of the Bar Association. The trial committee found that the accused was guilty of each of the five counts and recommended that the accused be suspended from the practice of law for a period of one year.

Upon reporting the proceedings in full to the Board of Governors, after hearing, the board did not make any finding on the first charge, but found that of the third charge set forth in the complaint the accused was guilty, and in regard to the other charges that the accused was not guilty. The Board of Governors of the Oregon State Bar recommended to the Supreme Court of the State of Oregon that said T. M. Morris be suspended from the practice of law for a period of thirty days.

It will therefore be noticed that the Board of Governors found Mr. Morris guilty of the third count, which was that he, having full knowledge of the facts set forth in the first and second causes of complaint, again reaffirmed in the presence of the court, during a hearing thereon concerning the filing of said amended undertaking, that the signatures appearing upon said amended undertaking were those of Paul P. Bates,

plaintiff, and said R. C. Bates, surety, and had been by those individuals personally affixed thereto, but in truth and fact neither of the signatures appearing thereon was that of said Paul P. Bates or of said R. C. Bates, all of which was fully known to Mr. Morris when he made said false representations in the presence of and to the court and by making such false representations Mr. Morris committed a fraud upon and wilfully and wantonly attempted to and did deceive the court.

It appears that R. C. Bates, surety on the undertaking and attachment, was the brother of plaintiff Paul P. Bates, and that Paul P. Bates was perfectly willing to have Mr. Morris sign his name to the undertaking for attachment and that R. C. Bates would have had no objections to signing the affidavit of attachment or making the affidavit, if he had had an opportunity to do so; that at the time it was necessary to file the undertaking and pleading he was away at work at some distance and it was not convenient or possible for Mr. Morris to get in contact with him.

However, Mr. Morris had no authority in law to sign his name to an affidavit and certify that he had administered the oath as notary public. This action was illegal and wrongful and is attempted to be excused by the accused as a foolish and ignorant act. Mr. Morris claims that he thought he had a right to sign the affidavit and certify to it as he did. It is certain that he had no good reason for thinking that he had such right, and a lawyer with the experience he has had should know better. No loss has occurred on the part of either Paul P. Bates or R. C. Bates on account of Mr. Morris affixing their signatures as he did, and, as far as they are able, they are willing to ratify the same. They

cannot, of course, ratify the certificate Mr. Morris made as notary public to the effect that he had administered the oath or taken the affidavit of R. C. Bates.

We think that it is shown that defendant T. M. Morris, at all times since he has been practicing law, which is about thirty years, has borne a very good reputation, and evidently the Board of Governors was of the opinion that by a suspension of thirty days he would be punished severely.

We have carefully read all the testimony and are of the opinion that a suspension of thirty days is not a sufficient punishment for the offense. It is therefore hereby ordered that T. M. Morris be suspended from the practice of law in all of the courts of this state for a period of six months.